## THOMAS BERRY *vs.* JOHN BACON et al.

The note in controversy in this case was a simple contract debt, and was made payable on the 15th of December, 1840, and the object of the deed of trust executed by B. was to modify the contract, and instead of paying the money at the time specified in the note, to pay it in instalments of one, two, three, and four years. The deed of trust was a proposition made by the debtor, under seal, to change the original contract, and pay by instalments; for when the creditor accepted the proposition, he accepted it as it was submitted by the debtor, as a specialty, and agreed to be bound by it as such. *Held*, that the acceptance of the deed of trust so modified the original contract between the parties, as to convert that which was a simple contract into a specialty, so far as it related to the trust estate.

The statute of limitations constitutes no bar to the relief prayed by the bill of complaint.

ON appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

A sufficient statement of the facts of the case are contained in the opinion of the court.

*Ellett, Thrasher*, and *Sellers*, for appellant.

On a bill to foreclose a mortgage, given to secure the payment of a bond, the bond must be produced, as the highest evidence of the debt. The recital in the mortgage is not sufficient. 2 McCord, Ch. R. 14.

A mortgage is assets, and passes to the executor, and not to the heir. 1 Bibb, 526; 5 Cow. 133.

A mortgage is a charge upon the lands, and whatever would give the money will carry the estate in the lands along with it to every purpose. The estate in the land is the same thing as the money due upon it. It will be liable to debts. It will go to executors. It will pass by a will, not made and executed with formalities required by the statute of frauds. The assignment of the debt, or forgiving it, will draw the land after it, as a consequence; nay, it would do it though the debt were forgiven only by parol. 2 Burr. 969.

The statute of limitations presumes full payment of the debt

and the loss of the evidence. If payment in fact were proved, no one could doubt that it would be a good defence against a foreclosure, or even an ejectment on the mortgage. Can the mode in which proof of payment is made affect the question? The statute comes in the place of proof, and makes the lapse of time conclusive evidence of payment. The question is payment or not, and the proof is payment, though made through the legal presumption from lapse of time.

It is a maxim, " *accessorium sequitur suum principale;* " and Lord Ellenborough said, "if the court cannot grant the principal thing, they cannot grant the accessory." 3 Maule & Sel. 10.

It is said in the cases of *Miller* v. *Helm*, 2 S. & M. 697, and *Miller* v. *Trustees of Jefferson College*, 5 Ib. 660, "that the act of limitations may have run against the note, but not against the mortgage taken to secure its payment. In such case, the party may proceed on the remedy not barred."

But the question in those cases was merely, What was good notice to an administrator of the existence of a claim? and it was decided, that the mortgage, being of record, was notice of the debt. The other question was not before the court. But in those cases, neither the note nor the mortgage, nor the remedy on them, was barred by limitation, as in this case. It was only a question of notice. The court did not decide, and could not decide, that a party might proceed on a remedy barred by statute of limitation, as in the case at bar.

This note was due 15th December, 1840. The bill was filed 23d November, 1850, being nine years, eleven months, and twenty-two days after the maturity of the note; surely it was barred by the statute of limitations of six years. The defendants' demurrer to the first bill was sustained, and the plaintiff was out of court until 29th December, 1851, when they filed an amended bill, praying that it may be considered and taken as filed in behalf of themselves and all other creditors, for the first time, and thus attempting to make a new creditor's bill of it, with new parties. Seven years and ten months had, therefore, elapsed after the passage of the act of limitation of seven years by the act of 1844.

As it regards the statute of limitations, the suit cannot be considered as commenced until 29th December, 1851, as expressly decided in 6 Pet. 64, 67.

Thus, if a legal title would in ejectment be barred in seven years, equity will act in like manner on the statute, and bar a mortgage or deed of trust in seven years. 2 Story's Eq. § 1520, last edition.

The statute begins to run as soon as the party has a right to apply to a court of equity. Ib. § 1521.

Now if a bill to foreclose is only an action founded on the note to recover its contents, by subjecting to its payment, property pledged for that purpose by an incidental and collateral security, which, as Lord Mansfield says, is the "same thing" as the note, then the right to prosecute such a bill is expressly barred by the statute.

One of the few exceptions to the rule, that the statute of limitations applies as well in equity as at law, is the case of those technical and continuing trusts which are not at all cognizable at law, but fall under the exclusive jurisdiction of equity. *Kane* v. *Bloodgood*, 7 Johns. Ch. 90.

Unless a mortgage constitutes a case of such a trust, it is not exempt from the application of the statute of limitations. The rule is, that as between a trustee and *cestuis que trust* there is no limitation of the trust that can be pleaded by the trustee; in the case of a mortgage the mortgagee would be the trustee, for the estate is conveyed to him. But a mortgagee is not a trustee (10 Wheat. 179, 180, n.), except for certain purposes, by construction and implication (Ang. on Lim. 503, § 20); and the statute runs against all resulting implied or constructive trusts. Ib. 508; 8 S. & M. 90.

The well settled doctrine of the English and American courts, that a right to redeem and a right to foreclose, are barred after the period that bars a right of entry, by analogy and in obedience to the statute of limitation barring the right of entry, proceeds directly upon the assumption that the mortgage does not create a technical trust; for if any express trust was created, no such limitation could be applied. *Kane* v. *Bloodgood*, 7 Johns. Ch. 90.

In fact, it seems absurd to suppose that the mere giving collateral security, which does not change the character of the debt, should change the character of the transaction, and make it an express trust.

This bill being filed upon a deed of trust, can make no difference. It is only by regarding it as a mortgage, that the complainant can get at Berry, the grantor, in this court. But our supreme court have expressly decided, that "a deed of trust is but a species of mortgage." 13 S. & M. 108.

But if we are wrong in the foregoing positions, there is yet another cause of demurrer, which is fatal to all that portion of the bill which seeks to sell any part of the personal property specified in the deed of trust. As to the personalty, the complainants are clearly barred by the statutes of limitations, both of three and of six years, and the land by seven years. We have seen, that this deed is but a species of mortgage, pledging property to the beneficiaries for the payment of their debts; and for this purpose alone, the legal title was vested in the trustee. 13 S. & M. 108. The note sued on fell due 15th December, 1840, and if it remained unpaid, the complainants or their assignors were entitled, under the deed, to require the trustee to take possession and sell the property. They never did so. The trustee never was in possession of any part of the property. Berry has remained in the undisturbed possession, from the date of said deed until the filing of this bill. The bill was filed in the vice-chancery court 23d November, 1850, nearly ten years after the maturity of the note, and after the trustee *might* have taken possession, if the debt remained unpaid.

Prior to the act of 1844, actions of detinue and trover were barred after six years next after the cause of action accrued. Hutch. Code, 825, § 4; 828, art. 2, § 2; art. 3, § 2. The above "cause of actions" accrued to complainants or their assignors, or to the trustee under said deed, on the 15th December, 1840 (if the debt remained unpaid), and more than six years next before the commencement of this suit.

The act of 1842, Hutch. Code, 817 and 818, bars actions of replevin after one year from the time the plaintiff's right of ac-

tion accrues.   The act of 1844 bars detinue and trover in three years.   Ib. 829, § 4.

Detinue, trover, and replevin are the only actions at law for the recovery of personal property.

Upon this state of facts, we say, that if at the time of the commencement of this suit, the complainants, or a trustee appointed under said deed, could not have maintained in a court of law an action of detinue or trover or replevin against Thomas Berry, for the recovery of the personal property specified in said deed, then so much of this bill as seeks to sell any part of the personal property specified in said deed is barred by the statute of limitations, both of three and six years, upon the presumption of payment of the debt arising by lapse of time. 3 How. 296.

That such actions could not have been maintained in a court of law, is clear.   There is nothing in the case to exempt them from the statutory bar.   The fact that complainants could not have brought either of those actions at law, by reason of the legal title being in a trustee, will not alter the case.   They are bound by the laches of the trustee.   They could have caused his removal, and another substituted.   This suit is the analogous action.

" If the statute of limitations will bar an action by the trustee to recover the trust property, it will bar an action for the same purpose brought by the *cestui que trust.*"   Sheppard v. *Turpin,* 3 Gratt. Va. R. 373.

If the trustee or the complainants had been in possession of this personalty for three years without acknowledgment, Berry's equity of redemption would have been barred.

The mortgage forfeits when the note matures and remains unpaid; and after forfeiture, the legal title of the mortgagee becomes absolute, and he may take possession at once.   The mortgagor of land is not regarded as even a tenant at sufferance, for he is not entitled to notice to quit.

So the amended bill being filed more than seven years after the passage of the act of 1844, the remedy as to the land is in like manner barred, if it is to be governed by the analogy to the limitation of a right of entry, or action of ejectment.   The

Berry *v.* Bacon et al.

suit must be considered as commenced at the time when the amended bill was filed.

It appears that in *Archer* v. *Jones*, 4 Cushm. 583, the court have decided that the statute of limitations can only be relied on in equity, where it is assigned as a ground of special demurrer.

The counsel who filed this demurrer, were also counsel in *Ingraham & Read* v. *Regan*, 1 Cushm. 213, and *Patterson* v. *Ingraham & R.* Ib. 87. In the former, which is the leading case on the subject, the demurrer was general, no special causes being assigned, and the defence was sustained. In the case of Patterson there was a *pro confesso*, and the court would not allow this defence. But they say, " where a demurrer is interposed, the party professedly stands on all his legal rights, and cannot be deemed to have waived any."

Both these cases were decided at November term, 1851, and pursuant to the practice sanctioned in them, the counsel filed a general demurrer in the present case, to raise the same defence. The case was argued below, and again in the chancery court, on the ground of the statute of limitations, and it was brought to this court before the decision in *Archer* v. *Jones* was made.

Under these circumstances, it is hoped the court will not apply the rule of *Archer* v. *Jones* to this case, which was brought here under the decision in *Ingraham* v. *Regan.* If the court declined to consider the question of the statute of limitations, it is submitted that the first ground of demurrer is well taken, namely, that the proper parties are not made.

On this head we desire simply to add, that if the creditor's bill can be maintained, this bill is still defective.

The amended bill does not contain the proper averments to make it a creditor's bill. It simply prays that the original bill may be considered, and taken as filed on behalf of, &c. Now it is not a creditor's bill in its frame, nor is the amended bill a creditor's bill. It cannot be made such by a prayer that it may be considered and taken to be a creditor's bill, for it cannot be considered and taken to be what it is not.

It should state that it is filed as well on behalf of complainant, as of all other creditors, &c.

It is very clear, however, in our apprehension, that it is not a case for a creditor's bill at all.

*George Yerger*, for appellees, filed no brief in the record. .

Mr. Justice FISHER delivered the opinion of the court.

Thomas Berry and others, on the 20th of May, 1840, executed their promissory note to the Planters Bank for the sum of $6,258.85, payable on the 15th day of December following.

On the 23d day of May, 1840, Berry executed a deed of trust to one George W. Tharpe, on certain lands and slaves therein named, for the purpose of securing sundry debts, among others the one now in controversy. The deed of trust provides that upon the said Berry's failing to pay at maturity, one fourth of the amount of each of the debts secured, and renewing for the balance, the trustee might proceed to sell a sufficient amount of the property to pay the said fourth; and that he might proceed in like manner to sell annually, on default to pay a fourth part of the said debts, and to renew for the balance, until the whole debt secured should in this manner be paid. The deed further provides, that if any creditor should sue on his debt, before all of the said instalments became due, he should be considered as having waived all rights or advantages under the trust; and that the property should be appropriated to the payment of the debts of those who accepted this provision of the deed, and complied with the same.

The bill alleges two reasons for the complainants coming into a court of equity for relief. First. The death of the trustee, and the necessity of the appointment of another to execute the trust. Secondly. The judgment of forfeiture pronounced against the Planters Bank, the note having been transferred to the complainants merely by delivery.

The defendants below filed a demurrer to the bill, relying upon two grounds, as we understand from the briefs of counsel. First, the statute of limitations; and second, want of proper parties.

If the complainants were compelled to rely upon the note, as counsel suppose, for a recovery, the statute of limitations would

doubtless apply to the case, and operate as a complete bar. But so far as the trust property is concerned, the note may be treated as out of the question, except for the purpose of ascertaining the amount of the principal and interest of the debt due. The note was made on the 20th of May, 1840, and payable on the 15th of December following. The object of the deed of trust was to modify this contract, and instead of paying the money on the 15th of December, 1840, to pay it by instalments of one, two, three, and four years. The deed of trust was a proposition, made by the debtor under seal to change the original contract, and to pay by instalments. When the creditor accepted the proposition, he accepted it as it was submitted by the debtor, as a specialty, and agreed to be bound by it as such, in consideration of the additional security. The debtor first promised to pay the whole debt at a specified time, but afterwards said to his creditor, I will bind myself by an obligation of superior dignity, and will give you additional security, if you will permit me to pay by certain instalments; and the creditor accepts this proposition. This is briefly the contract, as consummated by the deed of trust; the effect of which was to modify the original contract between the parties, and to convert that which was a simple contract into a specialty, so far as it related to the trust estate.

Thus viewing the question, the statute of limitations constitutes no bar to the relief prayed by the bill. Hutch. Code, 830, § 7.

It is next objected, that the several beneficiaries in the deed of trust, are not made parties to the bill. The bill as amended, is filed on behalf of the complainants, and all others who choose to come in and prove their debts. This, according to the authority, is sufficient. Story's Eq. Pl. § 102.

Decree affirmed, and cause remanded to the superior court of chancery.